# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 24-1551V

| | |
|---|---|
| KATELYN CROWLEY-LUM,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: November 21, 2025 |

*Brian L. Cinelli*, Schiffmacher, Cinelli, Adoff, LLP, Buffalo, NY, for Petitioner.

*Camille Michelle Collett*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On October 1, 2024, Katelyn Crowley-Lum filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA"), a defined Table injury, or in the alternative caused-in-fact injury, after receiving an influenza vaccine on October 27, 202. Petition at 1, ¶¶ 4, 43, 52. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 14, 2025, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. ECF No. 22. On November 21, 2025, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $55.108.24, representing $55,000.00 for pain and suffering and $108.24 for past unreimbursable expenses. Proffer at 2. In the Proffer, Respondent represented that

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $<u>55.108.24</u>, representing $55,000.00 for pain and suffering and $108.24 for actual unreimbursable expenses, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

_____
                                       )
KATELYN CROWLEY-LUM,                   )
                                       )   No. 24-1551VECF
       Petitioner,                    )
                                       )
   v.                                  )   Chief Special Master Corcoran
                                       )
SECRETARY OF HEALTH AND                )
HUMAN SERVICES,                        )
                                       )
       Respondent.                    )
_____)

## PROFFER ON AWARD OF COMPENSATION[1]

On October 1, 2024, Katelyn Crowley-Lum ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of an influenza vaccine she received on October 27, 2021. Petition at 1. On August 14, 2025, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury, and on August 14, 2024, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 21; ECF No. 22.

**I. Compensation for Vaccine Injury-Related Items**

    A. <u>Pain and Suffering</u>

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

Based upon the evidence of record, respondent proffers that petitioner should be awarded a lump sum of **$55,000.00** for pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

B. <u>Past Unreimburseable Expenses</u>

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of **$108.24**. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

II.    **Form of the Award**

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[2]:

> A lump sum payment of $55,108.24, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Katelyn Crowley-Lum.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

2

          HEATHER A. PEARLMAN
          Deputy Director
          Torts Branch, Civil Division

          VORIS E. JOHNSON
          Assistant Director
          Torts Branch, Civil Division

          <u>s/Camille M. Collett</u>
          CAMILLE M. COLLETT
          Trial Attorney
          Torts Branch, Civil Division
          U.S. Department of Justice
          P.O. Box 146, Ben Franklin Station
          Washington, D.C. 20044-0146
          Tel: (202) 616-4098
          Fax: (202) 616-4310
          Email: Camille.M.Collett@usdoj.gov

Date:  November 21, 2025